UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA AKKAWI, et al., | No. 2:24-mc-00058-MCE-AC |
| Plaintiffs, | |
| v. | **ORDER** |
| KASRA SADR, et al., | |
| Defendants. | |

Presently before the Court in this case is a Motion to Enforce Out of District Subpoena as to one Narissa Nelson that was filed in the Southern District of California. ECF No. 1.  The Subpoena was issued to a third-party in a related action, Case No. 2:20-cv-01034-MCE-AC, ("Underlying Action").

On August 11, 2023, in the Underlying Action, this Court issued an Order permitting Plaintiffs to serve Nelson via alternate service.  Underlying Action, ECF No. 15.  In that same Order, the Court re-opened discovery for ninety (90) days "for the following limited purposes only: (a) serve subpoenas on and conduct depositions of . . . Nelson and (b) obtain discovery from [another party]."  Id. at 16.  The Court made clear that "the Court will not extend the fact discovery deadline again."  Id. at 15.

Five days later, on August 16, 2023, Plaintiffs timely noticed the deposition of Narissa Nelson.  See Enforcement Action, ECF No. 1-7, Ex. 6.  The noticed deposition

1

date, however, was set for almost two months later, on October 10, 2023, despite having been granted only a very short window in which to conduct discovery.  Nelson did not appear on October 10, and Plaintiffs purportedly attempted to meet and confer through defense counsel on October 20.  Id., Ex. 8-9.  On November 27, 2023, Plaintiffs filed the instant Motion to Enforce Out of District Subpoena in the Southern District of California.  ECF No. 1.  At that point, the discovery extension had already expired, and discovery was once again closed.

In February 2024, this matter was transferred from the Southern District to the Eastern District but, given that no notice of related case was filed, it was only recently discovered that the above-captioned matter should more properly be resolved by this Court.  Accordingly, the Court issued a related case order relating this case to the Underlying Action.

The Motion to Enforce Subpoena is now properly before this Court.  The Court is baffled at what Plaintiffs would have it do.  Discovery had closed by the time Plaintiffs brought their instant Motion and the Court was clear that the deadline would not be extended.  Given the short window permitted for conducting this limited discovery, the Court cannot conceive why Plaintiffs would have risked noticing a deposition roughly sixty (60) days into a ninety (90) day extension period.  Nor does it make sense that Plaintiffs waited until that ninety (90) day window had closed to pursue judicial relief.  Plaintiffs delayed long at every turn, and relief is no longer available to them.  Plaintiffs' Motion to Enforce Subpoena (ECF No. 1) is DENIED.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  August 21, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE